FILED



UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:15-cv-331-J-32JBT

CHERRON C. NEWBY,

        Plaintiff,

vs.

CLARA WHITE MISSION, INC.

        Defendant.

_____/

    Plaintiff, **CHERRON C. NEWBY**, appearing pro se, hereby files this suit **against CLARA WHITE MISSION, INC.**, Defendant, and alleges:

| | | | |
|---|---|---|---|
| I. | PARTIES: | PLAINTIFF: | **CHERRON C. NEWBY** |
| II. | | | **P.O. Box 40183** |
| | | | **Jacksonville, FL 32203** |
| | | | **662-5526** |
| | | DEFENDANT: | **CLARA WHITE MISSION, INC.** |
| | | | **613 W. Ashley Street** |
| | | | **Jacksonville, Florida 32202** |
| | | | **(904) 354-4162** |

    1. This is an action for damages in excess of $75,000, exclusive of interest and costs.

    2. The alleged unlawful actions of the Defendant giving rise to this action were committed in Duval County, Florida within the jurisdiction of this Court.

    3. Plaintiff is a citizen of Florida and the United States.

    4. Defendant is a corporation doing business in the State of Florida.

    III.    **FACTUAL BACKGROUND**

    1. Plaintiff's employer was **CLARA WHITE MISSION, INC.,** 613 W. Ashley Street, Jacksonville, Florida 32202.

2. Plaintiff was a volunteer for over 5 years with the Defendant's program. As a result, Ju'Coby Pittman-Peele, President and CEO, sought out Plaintiff for employment as the Environmental Services Program Instructor, which Plaintiff created. Plaintiff began her employment there on June 23, 2008 until August 31, 2012.

3. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission (EEOC) on December 11, 2012.

4. The Respondent named on the EEOC charging document is CLARA WHITE MISSION, INC. **(See attached Exhibit "A.")**

5. Defendant discriminated against Plaintiff as described in Section III of this complaint beginning about 2010, and continuing thereafter.

6. As claimed in the EEOC charging document, Plaintiff believes the Defendant's discrimination was due to her race. She is Black.

7. Defendant discriminated against Plaintiff when Defendant failed to compensate Plaintiff for a 1 year and 6-month period that she worked as Project Manager for the Janitorial Service Project (Project Clean City) that she developed, thereby subjecting Plaintiff to unequal pay and unequal treatment due to her race and sex, a Black female.

8. A brief summation describing the overall period in which the discrimination occurred is attached **as Exhibit " B ."**

9. The EEOC issued Notice of Right to Sue letters dated December 16, 2014, and received

   by Plaintiff approximately on December 19, 2014. **(See attached Exhibit "C.")**

10. Plaintiff also filed charges concerning this discrimination with the Florida Commission on

11. Human Relations on September 4, 2012, and no action was taken. **(See attached as Exhibit "D.")**

IV. **JURISDICTIONAL AND STATUTORY BASIS OF CLAIM:**

1. This action is brought for discrimination in employment pursuant to the Title VII of the

2

Civil Rights Act of 1964, as codified, 42 U.S.C. Sections 200e to 2000e-17 (race, color, gender, religion, national origin).

2. This action is also brought for discrimination of the Equal Pay Act for willful violations of underpayment.

3. Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statutes, as well as 28 U.S.C. Sections 1331, 1343.

V. **STATEMENT OF FACTS:**

### SEX-BASED WAGE DISCRIMINATION

1. I was originally hired on June 23, 2008, as the Instructor for the Environmental Services Program that I developed in 2007 before I was hired. **(See attached Exhibit "E.")**

2. Project Clean City, the cleaning company that was developed in January, 2010, was created as a productive revenue stream for the Defendant like the Catering and Café businesses. Business cards were developed for me for both the Janitorial Program and Project Clean City. **(See attached Exhibit "F.")**

3. Ju'Coby Pittman-Peele, President & CEO, constantly promised the Plaintiff substantial compensation and a written employment contract encompassing this position when more business contracts were secured. Plaintiff successfully obtained 4 contracts, however, no additional compensation was rendered. **(See attached Exhibit ("G.")**

4. The average salary for a **Project Manager** in Florida was $76,000 in 2010.

5. I performed all of the following duties of the **Project Manager** in addition to my official duties as Environmental Services Program Instructor:

   a. Bid contracts;
   b. Hired employees;
   c. Maintained timesheets;
   d. Supervised employees;

3

      e.  Bought and delivered equipment;
      f.  Handled marketing for overall program;
      g.  Met with customers
      h.  Used my personal vehicle;
      i.  Worked weekends.

6. I taught and graduated 120 students with the Janitorial Program that I created who earned over $602,000.00 for the Defendant.

7. Additionally, the Janitorial Program received a donation of $15,000.00 that was never used to enhance the program.

8. While Plaintiff handled the overall marketing for the entire Janitorial Service (Project Clean City) without compensation, Ms. Pittman-Peele hired Oliver Saunders in June, 2011 to market Project Clean City, bid contracts, and obtain leads.

9. When Mr. Saunders was terminated in August, 2011, the marketing function was once again assigned to the Plaintiff without compensation, clearly wage discrimination.

10. Plaintiff deserves to be reimbursed for performing this additional job and Defendant should pay a leasing fee for continued use of the janitorial program. **(See attached Exhibit "H.")**

## HARRASSMENT

1. The new Vice President of Operations, Kevin Carrico, a white male, was hired on March 27, 2012.

2. According to the Organizational Chart, Meg Fisher, Vice President, was my direct supervisor. However, Mr. Carrico continued to supervise me. **(See attached Exhibit "I.")**

3. From that point on, he made a conscientious effort to deliberately harass the Plaintiff. A few examples are listed below:

    a.  He chose not to observe Plaintiff's classroom for evaluation in spite of making derogatory comments about same;

    b.  He constantly made inflammatory remarks and/or accusations in presence of other

4

staff;

c. Plaintiff was constantly threatened with unsubstantiated disciplinary actions which seem to worsen when she entered the State Senate race in 2012;

d. Plaintiff had to physically wait in his presence for him to approve her leave slip while other staff did not have to do so;

e. Plaintiff was placed on a 90-day probation for allegedly losing a Project Clean City contract that did not generate any profit through no fault of her own;

f. He made a habit of placing bullet-points on her evaluation without discussing the remarks with her as required by Personnel Policy Manual.

4. Mr. Carrico and Ms. Pittman-Peele practiced 'constructive termination' techniques against me constantly via emails in an effort to terminate my employment. The harassment was so stressful that I did indeed resign my position after a 4 year tenure causing me great stress in my personal life. **(See attached Exhibit "J.")**

5. I submitted my letter of resignation on August 31, 2012, due to constructive discharge. **(See attached Exhibit "K.")**

VI. **REQUEST FOR RELIEF:**

As relief from the allegations of discrimination as stated above, Plaintiff prays that the Court grant the following relief to Plaintiff:

A. An order declaring that Defendant violated Plaintiff's rights under Title VII of the Civil

B. Rights Act of 1964, as codified, 42 U.S.C. Sections 2000e to 2000e-17 (race, color, gender, religion, national origin);

5

C. An order for compensatory damages of at least **$50,000.00** for emotional pain,

D. suffering, mental anguish, loss of enjoyment of life, dignitary injury, and other non-pecuniary losses;

E. An order for back-pay and mileage of at least **$127,000.00**, including the economic value

F. of lost employment benefits and interest on back pay;

G. An order for punitive Damages;

H. An order for Defendant to pay **$200,000** for use of the Janitorial Services Program and assessing a monetary fee to continue leasing the program;

I. An order enjoining Defendant from engaging in any such unlawful employment under

J. Title VII of the Civil Rights of 1964, and any other affirmative action or equitable relief as the Court deems appropriate;

K. An order enjoining Defendant from engaging in unequal pay under the Equal Pay Act;

L. And for other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this *16th* day of *March*, 2015.

_____
**CHERRON C. NEWBY, Plaintiff**
Jacksonville, Florida
(904) 662-5526

## CERIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been furnished to Ju'Coby Pittman-Peele, President & CEO, Clara White Mission, Inc., 613 W. Ashley Street, Jacksonville, FL 32202, by U.S. Mail on _via Summons_, 2015.

_____
CHERRON C. NEWBY, Plaintiff