**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHERRON C. NEWBY,

        Plaintiff,

vs.                                                Case No. 3:15-cv-331-J-32JBT

CLARA WHITE MISSION, INC.,

        Defendant.

_____

**ORDER**

This case is before the Court on pending motions. Plaintiff, who is proceeding pro se, filed a complaint against her former employer alleging race and gender discrimination under Title VII and a violation of the Equal Pay Act. See Doc. 1. Defendant moved to dismiss (Doc. 12) and plaintiff, as is her right, filed an amended complaint (Doc. 13). In her amended complaint, plaintiff added a claim for intentional infliction of emotional distress. See Doc. 13. When defendant again moved to dismiss (Doc. 14), plaintiff filed a second amended complaint without leave (Doc. 17). On Friday, Defendant moved to strike plaintiff's second amended complaint (Doc. 20). Earlier the same day, plaintiff moved for a temporary restraining order and order to show cause as to why a preliminary injunction should not issue (Doc. 18).

**A.**    **Plaintiff's Motion for Temporary Restraining Order**

In her motion for temporary restraining order, plaintiff claims that defendant is infringing her copyright to a janitorial training program, thereby causing confusion in the marketplace and damaging plaintiff's reputation. See Doc. 18. Plaintiff filed a memorandum

of law and numerous documents in support. See Doc. 19 and exhibits thereto. Plaintiff's motion for temporary restraining order is due to be denied for several reasons. First and foremost, none of her complaints raise a claim of violation of the Copyright Act. Thus, the Court could not possibly find that she can demonstrate a substantial likelihood of prevailing on such a claim. Further, even if she amended again to pursue such a claim, there is no basis to find that a violation, which has allegedly gone on for over two years, would warrant the extraordinary emergency relief of a temporary restraining order. Moreover, the actions about which plaintiff complains are unlikely to support a claim of copyright violation-- plaintiff is not alleging that defendant has authored its own book or pamphlet without giving credit to plaintiff; rather, plaintiff seems to be complaining that defendant is following the program plaintiff created. See, e.g., Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1260-65 (11th Cir. 2001) (explaining history and purpose of the Copyright Act). Thus, there is no basis to issue a temporary restraining order or to consider the motion as one for preliminary injunction. See Fed. R. Civ. P. Rule 65; Local Rule 4.05 and 4.06; see also Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (setting out four part test to secure temporary restraining order or preliminary injunction). The motion (Doc. 18) is **denied**.

### B.  Defendant's Motion to Strike

Defendant moves to strike plaintiff's second amended complaint because she filed it without permission of the Court. This is true, but, as plaintiff is proceeding pro se, and because the second amended complaint does not add any additional claims but only provides some additional information in a few places, the Court will permit plaintiff's second

amended complaint to remain as filed.  Defendant's motion to strike (Doc. 20) is therefore **denied**.

### C. Defendant's Motion to Dismiss

Although the Court will permit plaintiff's second amended complaint to remain as filed, given the minimal differences between plaintiff's amended and second amended complaints, the Court will permit defendant's motion to dismiss (Doc. 14) to stand over as having been filed against plaintiff's second amended complaint. Thus, the motion remains pending and in need of a response.  Plaintiff must file a written response to defendant's motion to dismiss no later than **August 27, 2015**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of August, 2015.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se plaintiff

3